IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, WESTERN WATERSHED PROJECT, and PAT MUNDAY,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>DOUG BURGUM, Secretary of the U.S. Department of the Interior;[1] PAUL SOUZA, Regional Director, Region 8 of the U.S. Fish and Wildlife Service, exercising the delegated authority of the Director of the U.S. Fish and Wildlife Service;[2] and the U.S. FISH AND WILDLIFE SERVICE,<br><br>　　　　　Federal Defendants,<br>　and<br><br>STATE OF MONTANA and MONTANA DEPARTMENT OF FISH, WILDLIFE, AND PARKS,<br><br>　　　　　Defendant-Intervenors. | CV 23–02–BU–DLC<br><br>ORDER |

　　　On August 8, 2024, this Court issued an order that, in relevant part, vacated

the United States Fish and Wildlife Service's ("FWS") 2020 Revised 12-Month

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Doug Burgum is automatically substituted for Deb Haaland as Secretary of the United States Department of the Interior.
[2] Pursuant to Fed. R. Civ. P. 25(d), Paul Souza is automatically substituted for Martha Williams as Acting Director of the United States Fish and Wildlife Service.

1

Finding on a Petition to List the Upper Missouri River Distinct Population Segment ("DPS") of Arctic Grayling ("Finding"), and remanded to FWS for further consideration. (Doc. 52 at 53.) The Court directed that FWS make a new Finding as to the status of the upper Missouri River basin DPS of Arctic Grayling within twelve months of the date of its order. (*Id.*)

Now before the Court is Federal Defendants' Unopposed Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 63.) FWS explains that in the process of complying with this Court's remand order, (Doc. 52) it determined that a Special Status Assessment ("SSA") would allow FWS "to produce a more robust analysis of the status of the upper Missouri River Basin DPS and issue a more informed listing determination." (Doc. 63 at 4–5.) FWS seeks an additional 24 months from the date of this order to complete the SSA and make a new Finding on the petition to list the upper Missouri River basin DPS of Arctic Grayling. (*Id.* at 3.) Plaintiffs and Defendant-Intervenors do not oppose the motion. (*Id.* at 3–4.)

The Court agrees that relief is warranted. Rule 60(b)(6) authorizes relief from a judgment "whenever such action is appropriate to accomplish justice." *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017) (citation omitted). To warrant relief under Rule 60(b)(6), the moving party must establish that: (1) other grounds for relief under Rule 60(b)(1)–(5) are inapplicable; (2) the motion was filed "within a

reasonable time"; and (3) "extraordinary circumstances" warrant reopening judgment. *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020) (citation omitted).

### A. Relief is Not Available Under Rule 60(b)(1)–(5).

As a preliminary matter, the Court finds that relief is not available under the Rule 60(b)(1)–(5) provisions. The requested relief does not involve mistake, fraud, or misconduct, nor is it premised on a challenge to the validity or satisfaction of the underlying judgment. *See Bynoe*, 966 F.3d at 980. And because FWS's decision is based on evidence that arose post-judgment, the relief sought does not meet the requirements for newly discovered evidence under Rule 60(b)(2). (Doc. 63-1); *see Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (declaration presenting new information was not newly discovered evidence under Rule 60(b)(2) because "it discusse[d] evidence that was not in existence at the time of the judgment"). Finally, the motion is timely.

### B. Relief is Warranted Under Rule 60(b)(6)

FWS's determination that an SSA is appropriate constitutes a significant factual change under Rule 60(b)(6). (Doc. 63 at 10); *see First Beverages Inc. of Las Vegas v. Royal Crown Cola Co.*, 612 F.2d 1164, 1172 (9th Cir. 1980) (relief under Rule 60(b)(6) proper where Federal Trade Commission decisions constituted "new fact[s] not in existence at the time of trial" and "affect[ed] the factual circumstances surrounding the case").

FWS explains that, in the process of complying with this Court's remand order, it determined an SSA would provide a more thorough scientific analysis as to the status of the Arctic Grayling DPS. (Doc. 63 at 10.) An SSA is a "robust analytical framework that uses the best available scientific information on a species to identify its needs and the current and future availability or condition of those needs." (Doc. 63 at 11) (citing Doc. 63-1 ¶ 4.) FWS explains that this determination was based upon new species information not in existence at the time the Court issued its August 6, 2024, remand order. (*See* Doc. 63-1 ¶ 16.) After reviewing FWS's motion and the accompanying declaration, the Court agrees an SSA would strengthen FWS's revised Finding on the Arctic Grayling. Therefore, the Court finds it appropriate under Rule 60(b)(6) to vacate its previously imposed deadline and provide FWS an additional 24 months to comply.

Accordingly, IT IS ORDERED that FWS's motion (Doc. 63) is GRANTED. FWS is directed to make a new Finding as to the status of the upper Missouri River basin DPS of Arctic Grayling within 24 months of the date of this order.

DATED this 21st day of February, 2025.

_____
Dana L. Christensen, District Judge
United States District Court